UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21021-CIV-MORENO/OTAZO-REYES

ADRIAN MUSSON, through his Court Appointed
Guardian MAXWELL SARGENT, and ROSALIE
MUSSON and JAMES MUSSON as legal guardians
of H.M., G.M., A.M., and R.M.,

        Plaintiffs,

v.

BRADSHAW CONSTRUCTION CORPORATION.
a Foreign Corporation,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Bradshaw Construction Corporation's ("Bradshaw") Motion for Rule 11 Sanctions (hereafter, "Motion for Sanctions") [D.E. 31]. This matter was referred to the undersigned pursuant to Title 28, United States Code, Section 636 by the Honorable Federico A. Moreno, Chief United States District Judge [D.E. 54]. For the reasons stated below, the undersigned RESPECTFULLY RECOMMENDS that the Motion for Sanctions be DENIED.

### PROCEDURAL AND FACTUAL BACKGROUND

Adrian Musson ("Adrian") is a former employee of Bradshaw who sustained devastating injuries at a construction job site and is currently in a persistent vegetative state. As alleged in the Amended Complaint:

> On January 23, 2012, Adrian was directed to position himself on top of a formwork to conduct concrete placement. While Adrian was on top of the formwork and while repositioning a concrete pump, a portion of the formwork

failed, this resulted in Adrian becoming trapped and crushed between the top edge of the formwork and the bottom edge of a steel girder collar.

Am. Compl. [D.E. 11 at ¶¶ 10-11].

Adrian brings this action through his court appointed guardian, Maxwell Sargent ("Sargent" or "Plaintiff"). Co-Plaintiffs Rosalie and James Musson (the "Mussons" or "Co-Plaintiffs") have been appointed legal guardians for Adrian's four minor children. The Amended Complaint asserts two counts:

<u>Count I by Sargent</u>: Violation of Fla. Stat. § 440.11(1)(b), seeking damages for physical and emotional injuries, pain and suffering, loss of capacity for the enjoyment of life, medical expenses, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition, if any.

<u>Count II by the Mussons</u>: Loss of Parental Consortium, seeking damages for permanent loss of support, services, comfort, companionship, and society, pain and suffering, and loss of capacity for the enjoyment of life.

Am. Compl. [D.E. 11 at 4-7].

Fla. Stat. § 440.11(1)(b) provides an exception to employers' immunity under the Workers' Compensation exclusive regime:

> (b) When an employer commits an intentional tort that causes the injury or death of the employee. For purposes of this paragraph, an employer's actions shall be deemed to constitute an intentional tort and not an accident only when the employee proves, by clear and convincing evidence, that:
>
> 1. The employer deliberately intended to injure the employee; or
>
> 2. The employer engaged in conduct that the employer knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee, and the employee was not aware of the risk because the danger was not apparent and the employer deliberately concealed or misrepresented the danger so as to prevent the employee from exercising informed judgment about whether to perform the work.

Fla. Stat. § 440.11(1)(b).

In addition to the Motion for Sanctions, which was filed on August 12, 2013, Bradshaw

2

filed on October 1, 2013, a Motion for Summary Judgment, arguing that Plaintiffs cannot meet the high evidentiary burden imposed by Section 440.11(1)(b).  See Defendant's Motion for Summary Judgment [D.E. 60].

## **STANDARD OF REVIEW**

Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent part:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).  Thus, "[i]n filing a pleading in a federal court, an attorney certifies that he or she has conducted a reasonable inquiry and that the pleading is well-grounded in fact, legally tenable, and is not presented for any improper purpose." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

Courts employ an objective standard for testing conduct under Rule 11, which is "reasonableness under the circumstances and what was reasonable to believe at the time the pleading was submitted." Id. Making this determination "requires a two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." Id. "Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a

legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." Id.

Rule 11 further provides:

(c) Sanctions.

(1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11(c).

## DISCUSSION

Bradshaw argues that Plaintiffs and their counsel violated Rule 11 in filing the Amended Complaint because Sargent relied solely on the report of violations issued by the Occupational Safety and Health Administration ("OSHA") in connection with Adrian's accident (hereafter, "OSHA Citation") to make the Section 440.11(1)(b) allegations. According to Bradshaw, the OSHA Citation is an insufficient factual predicate for those allegations. Bradshaw further argues that Sargent should not have relied on the OSHA Citation because a settlement agreement reached between Bradshaw and the Secretary of Labor resulted in lessened violations and penalties. As more fully discussed below, the undersigned finds that these contentions do not warrant the imposition of Rule 11 sanctions on Plaintiffs or their counsel.[1]

---

[1] The undersigned finds no merit, and will not address further, Bradshaw's argument that the OSHA Citation was partially nullified by its settlement with the Department of Labor. The parties' settlement agreement specifically states, "The agreements herein are not intended to be used for purposes other than actions or proceedings arising under the Occupational Safety and Health act of 1970." See Stipulation and Joint Motion [D.E. 31-1 at 3].

4

### A. *The contours of Section 440.11(1)(b)*

The elements of the statutory intentional tort exception to Workers' Compensation immunity are:

> 1) employer knowledge of a known danger, based upon prior similar accidents or explicit warnings specifically identifying the danger that was virtually certain to cause injury or death to the employee; 2) the employee was not aware of the danger, because it was not apparent; and 3) deliberate concealment or misrepresentation by the employer, preventing employee from exercising informed judgment as to whether to perform the work.

Gorham v. Zachry Indus., Inc., 105 So. 3d 629, 633 (Fla. 4th DCA 20130 (citing Fla. Stat. § 440.11(1)(b); Fla. Std. Jury Instr. (Civ.) 414.5). "All three elements must be proved by clear and convincing evidence to overcome statutory immunity of the employer." Id. The term "virtual certainty" in the first element of the cause of action means "that a plaintiff must show that a given danger will result in an accident every--or almost every—time." List Indus., Inc. v. Dalien, 107 So. 3d 470, 471 (Fla. 4th DCA 2013). In List Indus., the Fourth District Court of Appeal opined that "given the stringent standard required to overcome an employer's statutory immunity, this issue is amenable to being decided on summary judgment." Id. at 473.[2]

### B. *The allegations in the Amended Complaint*

In the Amended Complaint, Plaintiffs allege the employer knowledge, employee awareness, and employer misrepresentation/concealment elements of Section 440.11(1)(b) as follows:

(1) Bradshaw Construction, through its agents, employees, constructed the formwork and erected the related shoring equipment without following any drawings, designs, sketches, and/or plans. **Bradshaw Construction knew based on prior similar incidents** that constructing the formwork and erecting the related shoring equipment without following any drawings, designs, sketches and/or plans and/or

---

[2] As previously noted, Bradshaw has also filed a motion for summary judgment [D.E. 60]. Moreover, in its Motion for Sanctions, Bradshaw stated: "It is apparent that summary judgment would also be an appropriate vehicle by which to analyze the lack of merit in Plaintiffs' case." See Motion for Sanctions [D.E. 31 at 8 n.2].

5

without inspecting the formwork and/or shoring equipment was conduct that virtually certain to result in injury to workers who worked atop of the formwork, such as Adrian Musson. **Bradshaw Construction knew based on explicit warnings** specifically identifying a known danger that constructing the formwork and erecting the related shoring equipment without following any drawings, designs, sketches and/or plans and/or without inspecting the formwork and/or shoring equipment was conduct that was virtually certain to result in injury to workers who worked atop of the formwork, such as Adrian Musson.

(2) **Adrian Musson was not aware** of the risks associated with the work he was directed to perform because the danger that caused his injuries was not apparent.

(3) Bradshaw Construction **deliberately misrepresented** the danger by explicitly and/or implicitly representing to Adrian Musson that the formwork and its erected shoring equipment was designed, erected, supported, braced, and maintained so it was capable of supporting, without failure, all vertical and lateral loads that the formwork was reasonably anticipated to encounter. Bradshaw Construction, **deliberately concealed** the danger from Adrian Musson by not providing safety training to Adrian Musson, preventing Adrian Musson from exercising informed judgment about whether to perform the work, preventing Adrian Musson from recognizing the hazards associated with the work he was to perform, and therefore depriving Adrian Musson of the means to make reasonable safety decisions.

Am. Compl. [D.E. 11 at ¶¶ 27-32] (emphasis added).

At his deposition, Sargent testified that the only document he reviewed prior to the filing of the original complaint was the OSHA Citation. See Transcript of Deposition of Maxwell Sargent (hereafter, "Sargent Depo.") [D.E. 32-1 at 24-25].[3] The OSHA Citation Worksheets show the following:

> Violation Item # 1: *Serious*. [Bradshaw] did not provide training for each employee performing concrete placement work that would enable those employees to recognize the hazards associated with that work, on or about January 23, 2012.
>
> Violation Item # 2: *Serious*. Formwork for the concrete placement of a Micro Tunnel "Doughnut" Portal Form was not designed, fabricated, erected, supported, braced and maintained so it was capable of supporting without failure all applied loads, on or about January 23, 2012.

---

[3] The allegations supporting the Section 440.11(1)(b) claim in the original and amended pleadings are essentially the same. Compare Compl. [D.E. 1-2 at 6-7] with Am. Compl. [D.E. 11 at 4-6].

<u>Violation Item # 3</u>: *Serious*.  Drawings or plans for the formwork (including shoring equipment) placed for the installation of a Micro Tunnel "Doughnut" Portal Form were not available at the jobsite, on or about January 23, 2012.

<u>Violation Item # 4</u>: *Serious*.  Erected shoring equipment for the bracing of a Micro Tunnel "Doughnut" Portal Form was not inspected during concrete placement, on or about January 23, 2012.

[D.E. 32-5 at 3, 7, 18, 23].[4]

### C. *Application of Rule 11 to the Amended Complaint*

Rule 11 sanctions would be warranted if the Court were to find that the Amended Complaint "(1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) [was] filed in bad faith for an improper purpose." <u>Baker</u>, 158 F.3d at 524.

#### 1. *Reasonable factual basis*

Violation Item # 1 of the OSHA Citation, upon which Plaintiffs rely, states that Bradshaw failed to provide training to its employees that would enable them to recognize the hazards associated with the concrete placement work.  This finding provides a reasonable factual basis for the allegations in the Amended Complaint that Adrian was not aware of the risks involved and that Bradshaw deliberately misrepresented or concealed those risks.  Violation Item # 3 states that drawings or plans for the formwork were not available at the job site; and Violation Item # 4 states that the shoring equipment was not inspected during concrete placement. Although Plaintiffs also rely on these violation items, they do not provide a reasonable factual basis for the claim that prior incidents or warnings gave Bradshaw knowledge of a danger that

---

[4] Pursuant to Bradshaw's settlement with the Department of Labor, Violation Item # 1 was dismissed and Items # 3 and # 4 were reclassified to *Less than Serious*. <u>See</u> Stipulation and Joint Motion [D.E. 31-1 at 1]. Additionally, the penalty for the OSHA Citation was reduced by $4,900 to a total of $14,000. <u>Id.</u> at 1-2.  However, as noted above, the undersigned is not considering these settlement in connection with the Motion for Sanctions.

was virtually certain to cause injury to Adrian.

However, in opposition to the Motion for Sanctions, Plaintiffs have cited to deposition testimony relating to the "prior incidents/warnings" allegations. Specifically, Plaintiffs have cited to testimony regarding safety warnings by the Fire Rescue Chief who had been at the construction site both before and after the accident, by a Bradshaw employee, and by Bradshaw's safety director. See Plaintiffs' Response to Motion for Sanctions [D.E. 46 at 10-12]. While Plaintiffs obviously did not rely on this discovery at the time they filed the Amended Complaint, "the reasonable inquiry standard of Rule 11 does not preclude plaintiffs from establishing the merits of claims through discovery." Donaldson v. Clark, 819 F.2d 1551, 1561 (11th Cir. 1987). Moreover, although Bradshaw challenges Plaintiffs' characterization of the deposition testimony adduced in discovery, see Bradshaw's Reply [D.E. 53 at 5-9], the Motion for Sanctions standard is not certainty but "reasonable factual basis."[5]

### 2. *Legal theory with reasonable chance of success*

This factor does not require much discussion. Plaintiffs are traveling under a statutory exception to the Workers' Compensation immunity regime. Whether they will be able to prevail under this well-established legal theory is an issue best addressed in the context of Bradshaw' Motion for Summary Judgment. List Indus., 107 So. 3d 470 at "[G]iven the stringent standard required to overcome an employer's statutory immunity, this issue is amenable to being decided on summary judgment.").

### 3. *Bad faith for an improper purpose*

Bradshaw does not contend that Plaintiffs or their counsel have acted in bad faith for an improper purpose in filing the Amended Complaint. Indeed, Bradshaw would be hard pressed to

---

[5] Bradshaw has advised the Court in its Reply that it would be further addressing in its Motion for Summary Judgment "the evidence adduced in discovery and why it does not support Plaintiffs' claims." Id. at 5 n.1.

do so, given that Plaintiffs are prosecuting this action in their representative capacities as guardians of a man in a persistent vegetative state and his four minor children.

Having considered all three factors required for imposition of Rule 11 sanctions on Plaintiffs and/or their counsel, the undersigned concludes that none of them are met.

## CONCLUSION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Bradshaw's Motion for Sanctions [D.E. 31] be DENIED.

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Federico A. Moreno, Chief United States District Judge. See Local Magistrate Rule 4(b). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at Miami, Florida, this 28th day of October, 2013.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:     Chief United States District Judge Federico A. Moreno
        Counsel of record